UNITED STATES DISTRICT COURT EASTERN MICHIGAN DISTRICT

Daniel McGough

        Plaintiff,

v.

Alyssa McCloskey
Scott McCloskey

        Defendants,

CIVIL NO.:

Case: 5:24-cv-13350
Assigned To : Levy, Judith E.
Referral Judge: Grand, David R.
Assign. Date : 12/16/2024
Description: (CMP) McGough V. McCloskey Et Al. (TH)

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**JURY TRIAL DEMANDED**

### Introduction

1. This civil action arises under the United States Constitution and the laws of the United States, including 42 U.S.C. § 1983, to address grave violations of Plaintiff's fundamental constitutional rights. Plaintiff, a father seeking to maintain a secure and meaningful relationship with his minor child, brings this action against the above-named Defendants for conspiring with state actors and misusing state authority to deprive him of parental rights, due process, and equal protection under the law.

2. Without notice or meaningful opportunity to be heard, Plaintiff's longstanding parental rights and relationship with his child have been unlawfully infringed. Defendants Alyssa and Scott McCloskey orchestrated a campaign of false allegations, improper police involvement, and manipulation of judicial processes to secure ex parte orders that stripped Plaintiff of his constitutionally protected parental interests. In so doing, Defendants acted under color of law, or in concert with those who were, thereby violating Plaintiff's rights secured by the Fourth, Fifth,

1

and Fourteenth Amendments of the U.S. Constitution, as well as his First Amendment right to the free exercise of religion and to petition the government for redress.

3. Through this Complaint, Plaintiff seeks declaratory and injunctive relief restoring his parental rights, compensatory and punitive damages, and all other appropriate remedies. Plaintiff also seeks immediate judicial review and relief to prevent further harm and to ensure that any state action affecting his fundamental rights comports with the Constitution.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, and 42 U.S.C. § 1983, which authorizes civil actions to redress the deprivation of federal rights under color of state law.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4), which grant original jurisdiction in actions authorized by law to redress the deprivation of civil rights.

6. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred in this judicial district. The parties are domiciled and/or reside within this district, and the actions that form the basis of this Complaint took place within the Eastern District of Michigan.

7. This Court has personal jurisdiction over Defendants as they reside in and/or conducted the relevant activities in the State of Michigan. Defendants' unlawful conduct and its resulting harm occurred within the State, conferring personal jurisdiction.

## PARTIES

8. **Plaintiff, DANIEL RYAN MCGOUGH**, is a natural person domiciled in Ypsilanti, Michigan. He is the biological father of a minor child, born June 16, 2017, with whom he has enjoyed a loving, continuous relationship until Defendants undertook the actions described herein.

9. **Defendant, ALYSSA RACHELLE McCLOSKEY**, is a private individual residing in Washtenaw County, Michigan. Defendant Alyssa McCloskey, acting individually and in conspiracy with state actors, engaged in acts that deprived Plaintiff of his constitutional rights.

10. **Defendant, SCOTT ANTHONY McCLOSKEY**, is a private individual residing in Washtenaw County, Michigan. Defendant Scott McCloskey, acting individually and in conspiracy with state actors, assisted and participated in the deprivation of Plaintiff's constitutional rights.

11. At all relevant times, Defendants acted under color of state law or in concert with state actors by repeatedly invoking state authority, law enforcement, and judicial mechanisms to achieve their unconstitutional objectives.

## FACTUAL BACKGROUND

12. Plaintiff is the biological father of a minor child to whom he has consistently provided parental care, emotional support, and material needs. Prior to the events giving rise to this claim, Plaintiff enjoyed regular parenting time and a meaningful familial relationship with his child.

13. Beginning in or about February 2019, Defendants commenced a campaign of harassment and alienation against Plaintiff. They repeatedly submitted baseless complaints to local law enforcement in Washtenaw County, Michigan, falsely alleging misconduct by Plaintiff. Despite forensic investigations and repeated examinations, these allegations were found to be unsupported.

14. On multiple occasions, including on or about October 25, 2024, Defendants placed numerous 911 calls timed to interfere with Plaintiff's lawful parenting time. For example, Defendants placed a call to police immediately before Plaintiff was scheduled to pick up his child from school, causing delays and obstruction of Plaintiff's custody and visitation rights. Shortly thereafter, Defendants again contacted the authorities, alleging misconduct to justify police intervention, and physically prevented Plaintiff from exercising his lawful parental rights by pulling the child's arm to keep him from leaving with Plaintiff.

15. On November 20, 2024, relying on a series of fabricated allegations and police reports initiated by Defendants, the Honorable Patrick Conlin Jr. of the 22nd Circuit Court in Washtenaw County issued an ex parte order suspending Plaintiff's parental rights. This order was granted without proper notice to Plaintiff and without providing Plaintiff an opportunity to respond—an action amounting to a deprivation of due process. A copy of the ex parte order is attached as **Exhibit B**.

16. The November 20, 2024 ex parte order was unsupported by evidence of any actual harm to the child. Its issuance rested solely on Defendants' false and malicious allegations, which were presented to the court in a manner calculated to elicit swift, one-sided judicial action and to deprive Plaintiff of his constitutional parental interests.

17. Following the issuance of this ex parte order, Plaintiff was denied contact with his child starting from November 11, 2024, causing severe emotional distress and irreparable harm to the parent-child bond. The earliest scheduled hearing to review these baseless claims is set for January 24, 2025—a delay of more than 60 days, during which time Plaintiff remains unjustly separated from his child.

18. On December 12, 2024, Judge Conlin imposed additional punitive and retaliatory measures against Plaintiff. These included requiring Plaintiff to seek judicial approval before filing any motions, mandating a $2,000 bond for each approved motion, and ordering Plaintiff to pay $6,000 in attorney's fees to opposing counsel. A copy of this order is attached as **Exhibit A**.

19. These restrictions not only burden Plaintiff financially but also infringe upon his First Amendment right to petition the government for redress of grievances. They effectively silence Plaintiff's efforts to challenge the deprivation of his constitutional rights and limit his ability to correct the record and regain his parenting time.

20. Defendants' misconduct has extended to interference with Plaintiff's religious practices. By cutting off Plaintiff's access to his child and preventing the child from attending religious services and instruction, Defendants have burdened Plaintiff's and the child's free exercise of religion, thereby violating the First Amendment.

21. As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe emotional distress, humiliation, financial harm, and the loss of irreplaceable time with his child. These injuries continue to accrue with each day that the wrongful deprivation of his parental rights persists.

## CLAIMS FOR RELIEF

**COUNT I: Violation of Fourteenth Amendment Due Process (42 U.S.C. § 1983)**

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. Defendants, acting under color of state law or in concert with state actors, caused the issuance and enforcement of ex parte orders suspending Plaintiff's parental rights without adequate notice or a meaningful opportunity to be heard.

24. The Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law. The Supreme Court has long recognized a parent's fundamental liberty interest in the care, custody, and management of their child. See Troxel v. Granville, 530 U.S. 57 (2000).

25. By fabricating evidence, misrepresenting facts to law enforcement and the court, and causing the state court to issue orders without due process, Defendants violated Plaintiff's clearly established constitutional rights.

**COUNT II: Violation of Equal Protection (42 U.S.C. § 1983)**

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination and requires that similarly situated persons be treated alike.

28. Defendants' conduct, in concert with state actors, subjected Plaintiff to disparate treatment by imposing extraordinary procedural hurdles, punitive financial conditions, and restrictions on his ability to file motions—treatment not imposed on similarly situated individuals.

29. This disparate and arbitrary treatment lacks any rational basis, let alone a compelling or important government interest, thus violating the Equal Protection Clause.

**COUNT III: Civil Conspiracy (42 U.S.C. § 1983)**

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. Defendants entered into an agreement or understanding with state actors, including law enforcement officers and/or judicial officers, to deprive Plaintiff of his constitutional rights. They acted in concert to submit false reports, manipulate legal processes, and procure ex parte orders against Plaintiff.

32. Through these conspiratorial acts, Defendants caused Plaintiff to suffer constitutional deprivations, entitling him to relief under § 1983.

## COUNT IV: Violation of First Amendment – Right to Petition (42 U.S.C. § 1983)

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. The First Amendment protects the right of individuals to petition the government for redress of grievances. Restrictive court orders requiring judicial approval and the posting of a $2,000 bond per motion impose an unconstitutional burden on Plaintiff's right to access the courts and seek relief.

35. By effectively silencing Plaintiff's attempts to challenge unlawful court orders and restore his parental rights, Defendants, acting under color of state law, violated his First Amendment rights.

## COUNT V: Violation of First Amendment – Free Exercise of Religion (42 U.S.C. § 1983)

36. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

37. The First Amendment's Free Exercise Clause protects the right of individuals to practice their religion without undue interference. Defendants, by orchestrating the unlawful suspension of Plaintiff's parenting time, have prevented Plaintiff and his child from freely participating in their chosen religious activities.

38. This interference with religious practice is not supported by any compelling or even legitimate government interest and thus violates the First Amendment's guarantee of religious freedom.

## COUNT VI: Intentional Infliction of Emotional Distress (State Law)

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Defendants' conduct—fabricating allegations, initiating baseless police interventions, manipulating judicial processes, and alienating Plaintiff from his child—was extreme, outrageous, and beyond the bounds of common decency.

41. Defendants intended, or knew or should have known, that their conduct would cause Plaintiff severe emotional distress. As a direct result, Plaintiff has suffered significant, ongoing emotional and psychological harm.

## COUNT VII: Malicious Prosecution (42 U.S.C. § 1983 / State Law)

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Defendants caused the initiation of baseless investigations and proceedings against Plaintiff without probable cause. They acted with malice, intending to harm Plaintiff's interests.

44. As a direct and proximate result, Plaintiff suffered deprivation of his liberty interest in the care and companionship of his child and endured undue legal burdens and reputational harm.

## COUNT VIII: Claims Under Federal Criminal Statutes (18 U.S.C. §§ 1201, 223, 1204)

*Note: Plaintiff pleads these counts in the alternative to the extent any private right of action may be inferred, or as a good-faith argument for extension or modification of existing law.*

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

8

46. Defendants' acts of obstructing Plaintiff's parental rights, misrepresenting facts to law enforcement, and conspiring to retain custody of the child through improper means could be construed as conduct akin to kidnapping or unlawfully taking the child from Plaintiff's lawful custody, in violation of federal statutes such as 18 U.S.C. § 1201 (kidnapping) and 18 U.S.C. § 1204 (international parental kidnapping), and interfering with parental rights as contemplated by 18 U.S.C. § 223.

47. While these criminal statutes do not typically create private causes of action, Plaintiff raises these allegations to show the severity and unlawfulness of Defendants' conduct and to advocate for an extension, modification, or reversal of existing law that would allow for civil remedies in such circumstances.

## DAMAGES AND RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Declaratory Relief:** Declare that Defendants' actions violated Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments.

B. **Injunctive Relief:** Issue a preliminary and permanent injunction prohibiting Defendants and those acting in concert with them from further interfering with Plaintiff's parental rights, including restoring Plaintiff's custody and parenting time, and removing any constraints on Plaintiff's religious activities with his child.

C. **Vacatur of Unconstitutional Orders:** Direct the dissolution of the state court's ex parte custody orders and related restrictions, and require that any future proceedings comply with constitutional due process, including proper notice and the opportunity to be heard.

D. **Compensatory Damages:** Award Plaintiff compensatory damages, including for emotional distress, loss of parental time, reputational harm, and financial losses, in an amount to be determined at trial.

E. **Punitive Damages:** Award punitive damages against Defendants to punish their willful and malicious misconduct and to deter similar unlawful behavior.

F. **Attorneys' Fees and Costs:** Award Plaintiff reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, and any other applicable laws.

G. **Further Relief:** Grant such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ Daniel Ryan McGough
**DANIEL RYAN MCGOUGH**
P.O. Box 970081
Ypsilanti, MI 48197
Email: dryan616@icloud.com
Phone: (313) 334-80459
Dated: December 16, 2024

## EXHIBITS

- **Exhibit A:** December 12, 2024 Order of Judge Patrick Conlin Jr.
- **Exhibit B:** November 20, 2024 Ex Parte Request/Order Suspending Plaintiff's Parental Rights

## Verification

I, Daniel-Ryan, of the family McGough, do hereby solemnly affirm and declare, under the watchful eye of the Most High and by the authority vested in the laws of these United States, in accordance with the sacred truth and provisions of 28 U.S.C. § 1746, that the foregoing statements are true and righteous to the best of my knowledge, understanding, and conviction.

This solemn affirmation is made in the County of Washtenaw, State of Michigan, on the 16th day of December, in the year of our Lord, 2024.

By my hand:
Autograph of Affiant: _____D-l R. McG L_____, man

## Notary as Jurat Certificate

State of Michigan
County of Washtenaw

On this, the 16th day of December, in the year of our Lord 2024, before me, ____JHwang____, a Notary Public commissioned in the State of Michigan, personally appeared Daniel-Ryan:McGough, who did attest before me and in truth that they are the one whose name is inscribed upon this instrument. They did solemnly acknowledge and affirm before the Lord and under the laws of man that the same was executed with deliberate intent and in full righteousness of their position.

I do solemnly certify, under PENALTY OF PERJURY and before the Lord, that the foregoing statement is true and faithful according to the laws of the State of Michigan.

In witness thereof, I set my hand and seal.

By my seal:
Signature of Notary / Jurat: _____
Notary Public, State of Michigan
My Commission Expires: __09/25/2029__
Acting in the County of Washtenaw

J HWANG
Notary Public - State of Michigan
County of Washtenaw
My Commission Expires Sep 25, 2029
Acting in the County of Washtenaw

(Seal)

## EXHIBIT A:

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

| | |
|---|---|
| ALYSSA LEWIS (KNA McCLOSKEY)<br>Plaintiff,<br>v | Case No. 19-002734-DC<br>HON. Patrick J. Conlin, Jr. |
| DANIEL McGOUGH,<br>Defendant. | |

| | |
|---|---|
| Veronica J. White (P62684)<br>Attorney for Plaintiff<br>455 East Eisenhower, Suite 300, #44<br>Ann Arbor, Michigan 48108<br>(734) 761-1286 | Daniel McGough<br>Defendant<br>1173 Hunter Avenue<br>Ypsilanti, Michigan 48198<br>(734) 263-1193 |

**ORDER AFTER HEARING ON DEFENDANT'S MOTION REGARDING SCHOOL SELECTION, BODY MODIFICATIONS; DEFENDANT'S OBJECTION TO FRIEND OF THE COURT RECOMMENDATION; DEFENDANT'S MOTION TO DISSOLVE EX PARTE ORDER; and PLAINTIFF'S MOTION FOR VEXATIOUS LITIGATOR RELIEF, ATTORNEY FEES AND COSTS, AND OTHER RELIEF**

Entered: DEC 1 2 2024

At a hearing held on 12/12/2024, with both parties present in the Courtroom and Plaintiff's counsel present by Zoom (due to illness), after being advised on the record, and for the reasons stated on the record:

1. Defendant's MOTION REGARDING SCHOOL SELECTION, BODY MODIFICATIONS is denied.

2. Defendant's OBJECTION TO FRIEND OF THE COURT RECOMMENDATION is denied and the Friend of the Court's recommendation is adopted.

3. An evidentiary hearing will be held on 1/24/25 at 1:30 pm for Defendant's MOTION TO DISSOLVE EX PARTE ORDER. before Judge Slay.

4. In reference to Plaintiff's MOTION FOR VEXATIOUS LITIGATOR RELIEF, ATTORNEY FEES AND COSTS, AND OTHER RELIEF:

   i. Defendant must have judicial approval to file a motion;

   ii. Defendant must post a $2,000 bond when the approved motion is filed;

   iii. Defendant is ordered to pay $6,000 in attorney fees in the amount of $500 per month until it is paid in full. The first payment is due on January 1st, 2025, and shall be due on the 1st of the month each month thereafter until the balance is paid in full.

5. All other Orders not inconsistent with this ORDER remain in full force and effect.

_____
HON. Patrick J. Conlin, Jr. (P56333)
Washtenaw County Circuit Court Judge

Prepared by:

/s/ Veronica J. White
_____
Veronica J. White (P62684)
Attorney for Plaintiff

## EXHIBIT B:

| STATE OF MICHIGAN<br>22ND JUDICIAL CIRCUIT<br>FAMILY DIVISION<br>WASHTENAW COUNTY | AFFADAVIT IN SUPPORT OF REQUEST FOR EX PARTE ORDER | CASE NO. 19-2734-DC<br>HON. Judge Conlin |
|---|---|---|
| P.O. Box 8645, Ann Arbor, MI 48107-8645 | | Court telephone number: (734) 222-3001 |

**Plaintiff's name, address and telephone number:** Alyssa McCloskey, [address illegible] Lot 72, Ypsilanti, MI 48197, [phone illegible]

**Defendant's name, address and telephone number:** Daniel McGough, 1113 Hunter Ave, Ypsilanti, MI 48197, 313-438-8042

1. I am the Plaintiff in this case, and affirm the following statements.
2. If sworn as a witness, I can testify competently to the facts stated in this affidavit, because I have personal knowledge of them.
3. The following events have occurred that have led me to ask for an *ex parte* Court order. See attached. Defendant has also been arrested on two of his parenting days before pick up resulting in potential negligence i.e. getting left at bus stop.
4. The Court order that I have requested will govern the following matters: Parenting time, Suspension until defendant's criminal case has final judgement.

5a. Irreparable harm will result from the delay required to give notice of my request because of these specific facts: threats made to child by defendant as well as current charges make it clear defendant is unsafe, has poor judgement, and may be suffering from mental illness.

OR

5b. Notice itself will result in adverse action before an order can be issued, because of these specific facts: _____

Signature: Alyssa McCloskey      Date: 11-19-2024

Subscribed and sworn to before me on 11/19/24 (date) in WASHTENAW County, Michigan.
My commission expires on _____ (date).
Signature of Notary: [signature] Deputy

| STATE OF MICHIGAN<br>22ND JUDICIAL CIRCUIT<br>FAMILY DIVISION<br>WASHTENAW COUNTY<br><br>P.O. Box 8645, Ann Arbor, MI 48107-8645 | EX PARTE ORDER FOR CUSTODY/PARENTING TIME AND/OR CHILD SUPPORT<br><br>Court telephone number: (734) 222-3001 | CASE NO. 19-2734-DC<br><br>HON. Judge Conlin |
|---|---|---|

| Plaintiff's name, address and telephone number: Alyson McCloskey [address illegible] 734-921-7196 | v | Defendant's name, address and telephone number: Daniel McGougn 1173 Hunter Ave Ypsilanti MI 48197 313-938-8092 |
|---|---|---|

Date of Order: **NOV 20 2024**

1. The Court has reviewed Plaintiff's request for an ex-parte Order, and the factual statements made in support of that request in the documents submitted.
2. The Court is satisfied that ☒ irreparable injury, loss or damage will result from the delay required to effect notice; and/or that ☐ notice itself will precipitate adverse action before an order can issue.
3. The Court also finds that:
☐ The *ex parte* order will not change the child(ren)'s established custodial environment; OR
☐ There is clear and convincing evidence that the best interests of the child(ren) require a change in the established custodial environment.

IT IS ORDERED:

Defendant's parenting time is suspended until further order of the Court.

IT IS FURTHER ORDERED THAT a copy of this Order (with attached Notice) and the Motion or Affidavit upon which the Order is based are to be served upon the Defendant ~~with service of the Summons and Complaint~~.

*[signature]*
Family Division Judge

Washtenaw County
Trial Court

**NOV 22 2024**

FILED

15

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel McGough

**DEFENDANTS**
Alyssa McCloskey
Scott McCloskey

**(b)** County of Residence of First Listed Plaintiff WASHTENAW
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant WASHTENAW
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | | | [ ] 830 Patent | [X] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [X] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | | [ ] 371 Truth in Lending | [X] 720 Labor/Management Relations | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [X] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC 1983
Brief description of cause: VIOLATIONS OF RIGHTS (FIRST, FOURTH, FOURTEENTH)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: December 16, 2024        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☒ Yes  ☐ No

   If yes, give the following information:

   Court: 22ND Circuit Court Washtenaw

   Case No.: 19-2734-DC

   Judge: Patrick Conlin Jr.

Notes :