# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Daniel McGough

                Plaintiff,        Case No. 24-13350

v.                        Judith E. Levy
                               United States District Judge

Alyssa McCloskey and Scott
McCloskey,                Mag. Judge David R. Grand

                Defendants.

_____/

# OPINION AND ORDER DISMISSING THE COMPLAINT, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT [5], AND DENYING PLAINTIFF'S MOTION FOR EMERGENCY RELIEF AS MOOT [6]

Before the Court is Plaintiff Daniel McGough's pro se complaint. (ECF No. 1.) Because Plaintiff has been granted permission to proceed *in forma pauperis* (ECF No. 7), the Court must screen his complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth below, Plaintiff's complaint is dismissed.

## I.    Background

Plaintiff alleges that Alyssa McCloskey and Scott McCloskey, two private individuals, violated his civil rights, federal criminal laws, and

state law. (ECF No. 1, PageID.1.) He asserts that he is the father of a child born in 2017, and "has enjoyed a loving, continuous relationship [with his son] until Defendants undertook the actions described herein." (*Id.* at PageID.3.) He states:

> Without notice or meaningful opportunity to be heard, Plaintiff's longstanding parental rights and relationship with his child have been unlawfully infringed. Defendants . . . orchestrated a campaign of false allegations, improper police involvement, and manipulation of judicial processes to secure ex parte orders that stripped Plaintiff of his constitutionally protected parental interests.

(*Id.* at PageID.1.)

Plaintiff alleges the following facts:

- Starting around February 2019, Defendants "repeatedly submitted baseless complaints to local law enforcement in Washtenaw County," which were "found to be unsupported." (*Id.* at PageID.3.)

- On October 25, 2024 and other days, Defendants would place 911 calls "timed to interfere with Plaintiff's lawful parenting time." (*Id.* at PageID.4.)

- On November 20, 2024, Judge Conlin of the 22nd Circuit Court in Washtenaw County suspended Plaintiff's parental rights, "relying on a series of fabricated allegations and police reports initiated by Defendants." (*Id.*; *see also id.* at PageID.15 (copy of order).) Allegedly, the state court issued this order "without proper notice to Plaintiff and without providing Plaintiff an opportunity to respond." (*Id.* at PageID.4.)

- Beginning on November 11, 2024, Plaintiff was not permitted to have contact with his child. (*Id.*) The next hearing on the matter is scheduled for January 24, 2025. (*Id.*)

- On December 12, 2024, Judge Conlin issued an order requiring Plaintiff "to seek judicial approval before filing any motions, mandating a $2,000 bond for each approved motion, and ordering Plaintiff to pay $6,000 in attorney's fees to opposing counsel." (*Id.* at PageID.5; *see also id.* at PageID.12–13 (copy of court order).)

Plaintiff requests declaratory relief, injunctive relief, the dissolution of the state court's orders, and damages. (*Id.* at PageID.9–10.)

## II.   Legal Standard

Because Plaintiff proceeds *in forma pauperis* (ECF No. 7), the Court will screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), dismissal is proper if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

"A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526

3

F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not necessary, but the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Because Plaintiff is pro se, the Court will construe his pleadings liberally. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

4

pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

## III.   Analysis

### A. Counts I–V and VII: Federal constitutional claims

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fourteenth (Count I and II), First (Count IV and V), and Fourth (Count VII) Amendment rights, and engaged in a civil conspiracy to deprive Plaintiff of his constitutional rights (Count III).[1] (ECF No. 1, PageID.6–8.)

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by **a person acting**

---

[1] At the beginning of his complaint, Plaintiff alleges that Defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights. (ECF No. 1, PageID.1–2; *see also* ECF No. 5, PageID.25 (seeking redress for violations of his First, Fifth, and Fourteenth Amendment rights).) While he identifies the First and Fourteenth Amendment rights allegedly violated, he does not clearly identify the Fourth and Fifth Amendment violations. The Court will construe the federal malicious prosecution count as the Fourth Amendment violation. *See Sykes v. Anderson*, 625 F.3d 294, 308–310 (6th Cir. 2010). However, the Court is unable to identify a Fifth Amendment violation in the complaint. "[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'" *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). Therefore, Plaintiff has abandoned his Fifth Amendment claim.

**under color of state law**." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). Here, Plaintiff's § 1983 claims must be dismissed because he does not allege that Defendants acted under color of state law.

"[T]here are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). The Sixth Circuit describes several tests through which a private individual's actions can be "fairly attributable" to the government and, thus, be subject to liability under § 1983: the public function test, the state compulsion test, the symbiotic relationship test (also known as the nexus test), and the entwinement test. *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014).

Based on the allegations in the complaint, none of these tests result in a finding that Defendants acted under color of state law. Plaintiffs' allegations do not present a situation in which Defendants' actions can be attributable to the government.

Plaintiff alleges that Defendants contacted and submitted complaints to the police, and conducted litigation in state court. (*See* ECF

6

No. 1, PageID.3–4.) These allegations are insufficient to demonstrate that Defendants are state actors because "a private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials, cannot be considered state action." *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999)). *See also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."); *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to [§ 1983] liability."); *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 128 (6th Cir. 2009) ("The fact that a public entity has acted in compliance with a private entity's recommendations does not transform the private entity into a state actor." (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988)).

While Plaintiff claims that Defendants acted "in concert" and conducted "conspiratorial acts" with state actors (ECF No. 1, PageID.7),

the complaint does not contain any facts or details on the conspiracy. "[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). As such, Plaintiff's allegations of a conspiracy are insufficient to state a claim.

Therefore, Plaintiff's federal claims pursuant to § 1983 are dismissed.

### B. Count VIII: Federal criminal statutes

In Plaintiff's Count VIII, he brings suit pursuant to several federal criminal laws. Plaintiff specifically identifies three Federal criminal statutes: 18 U.S.C. §§ 1201, 1204, and 223. (ECF No. 1, PageID.9.) In his complaint, Plaintiff acknowledges that "criminal statutes do not typically create private causes of action" and states that he "raises these allegations to show the severity and unlawfulness of Defendants' conduct and to advocate for an extension, modification, or reversal of existing law that would allow for civil remedies in such circumstances." (*Id.*)

"Absent a private right of action, a plaintiff cannot recover civilly for violation of a federal criminal statute." *Johanan v. Broaden*, No. 1:24 CV 277, 2024 WL 3904010, at *1 (N.D. Ohio Aug. 22, 2024).

18 U.S.C. § 1201 criminalizes kidnapping, and 18 U.S.C. § 1204 criminalizes international parental kidnapping. Neither statute has a private cause of action; as such, Plaintiff cannot bring a civil suit for violation of these statutes. *See Malloy v. Watchtower Bible & Tract Soc'y*, No. 18-1041, 2019 WL 190344, at *1 (6th Cir. Jan. 2, 2019) ("Because §[] 1201. . . . do[es] not create a private right of action, [the plaintiff] lacked standing to raise [that] claim."); *Christensen v. Wiseman*, No. 1:11 CV 1837, 2011 WL 4376099, at *16 (N.D. Ohio Sept. 20, 2011) (stating that there is "no suggestion" that 18 U.S.C. § 1204 "provides a private cause of action").

Even if 18 U.S.C. §§ 1201 or 1204 contained a private cause of action, Plaintiff fails to state a claim under either statute. 18 U.S.C. § 1201 generally "requires that the person kidnapped be '[held] for ransom or reward or otherwise' and 'willfully transported in interstate or foreign commerce.'" *Monroe v. McNairy Cnty.*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. 2012) (quoting 18 U.S.C. § 1201(a)). Plaintiff's complaint

does not contain allegations that would fulfill these basic elements. For example, Plaintiff does not allege that the child has crossed state lines or a foreign border. Similarly, 18 U.S.C. § 1204 "prohibits removing a child from the United States or keeping a child out of the United States to interfere with lawful parental rights." *Christensen*, 2011 WL 4376099, at *16. Plaintiff fails to state an international parental kidnapping claim because he does not allege that the child is or ever was outside of the United States.

As to 18 U.S.C. § 223, Plaintiff alleges that Defendants' conduct "could be construed as conduct akin to . . . interfering with parental rights as contemplated by 18 U.S.C. § 223." (ECF No. 1, PageID.9.) 18 U.S.C. § 223 was repealed in 1962. Pub. L. No. 87-849, § 1(c), 76 Stat. 1119, 1125 (1962).Thus, Plaintiff cannot bring suit pursuant to 18 U.S.C. § 223.

Therefore, Count VIII is dismissed.

### C. Count VI, VII: State law claims

Finally, Plaintiff brings state law claims for intentional infliction of emotional distress (Count VI) and state law malicious prosecution (Count VII).[2] (ECF No. 1, PageID.8.)

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (internal citations omitted). Here, the Court has dismissed Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over his state law claims.

Therefore, Plaintiff's state law claims are dismissed without prejudice.

### IV.   Conclusion

For the reasons set forth above, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's federal claims are DISMISSED WITH PREJUDICE, and Plaintiff's state law

---

[2] Plaintiff brings suit under both federal and state law malicious prosecution. (ECF No. 1, PageID.8 ("42 U.S.C. § 1983/State Law").)

11

claims are DISMISSED WITHOUT PREJUDICE. Because the case is dismissed, Plaintiff's motions (ECF Nos. 5, 6) are DENIED as MOOT.

If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: January 13, 2025          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager